IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:17CR406 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| DELAMON A. MARSHALL, | ) | RESPONSE TO DEFENDANT'S MOTION |
| | ) | FOR CONTINUANCE OF SENTENCING |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Damoun Delaviz, Assistant United States Attorney, and hereby submits this response to Defendant Delamon Marshall's Motion for Continuance of Sentencing.  (R. 51: Motion for Continuance of Sentencing, PageID 295-96). For the reasons set forth below, the United States submits that recent decisions by the Court of Appeals for the Sixth Circuit reveal that it is settled that in the Sixth Circuit, a conviction under subsection (A) of Ohio's domestic violence statute qualifies as a "violent felony" under the Armed Career Criminal Act and that Defendant's reliance on various cases is unavailing.

I.  **Facts and Procedural History**

An indictment was filed on October 12, 2017, charging Defendant with two counts of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), and two counts of possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k).  (R. 10: Indictment, PageID 41-43).  Approximately one year later, on October 2, 2018, Defendant pled guilty to the indictment, with no plea agreement.  (Minutes of Proceedings, Oct. 2, 2018, PageID N/A).  This Honorable Court issued an order on October 16,

2018, accepting Defendant's guilty plea and adjudging Defendant guilty.  (R. 34: Order Adopting Report and Recommendation of Magistrate Judge, PageID 158).  At the time of Defendant's guilty plea, sentencing was initially scheduled for January 24, 2019 before this Honorable Court.  (Minutes of Proceedings, Oct. 2, 2018, PageID N/A).

Since that time, sentencing in the above matter has been continued.  This includes one occasion where sentencing was continued at the request of the United States due to the unavailability of one of its witnesses.  (R. 50:  Unopposed Motion to continue Sentencing, PageID 292-94); (Order, July 11, 2019, PageID N/A).  On more than one occasion, Defendant has sought to continue his sentencing before this Honorable Court on the basis that ongoing litigation before the Court of Appeals for the Sixth Circuit in other cases may yield decisions by Sixth Circuit which would affect Defendant's classification as an Armed Career Criminal.  (R. 39: Motion for Continuance, PageID 234-35); (R. 41: Supplemental Motion for Continuance, PageID 239) ("Counsel reiterates that he believes that Williams will have direct bearing on the predicate offenses in this case as the that case involves use of Ohio domestic violence convictions as qualifying predicate offenses for ACCA designation."); (R. 45: Motion for Continuance, PageID 253-55).  Sentencing is currently scheduled for August 15, 2019.

## II.  Law and Argument

### A.  It is settled law in the Sixth Circuit that a conviction under subsection (A) of Ohio's domestic violence statute, O.R.C. § 2919.25, qualifies as a predicate violent felony under the ACCA.

In 2015, the Sixth Circuit held that a conviction under Ohio's domestic violence statute, specifically under O.R.C. § 2919.25(A), qualifies as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  U.S. v. Gatson, 776 F.3d 405, 411 (6th Cir. 2015) ("Gatson's

domestic-violence convictions are violent felonies within the meaning of § 924(e)"). Of the seven subsequent decisions by the Sixth Circuit to have cited Gatson, none cast aspersion onto Gatson's aforementioned holding regarding O.R.C. § 2919.25(A). U.S. v Williams, 655 F. App'x 419 (6th Cir. 2016); U.S. v. Hoffa, 699 F. App'x 544 (6th Cir. 2017); U.S. v. Lee, 608 F. App'x 375 (6th Cir. 2015); Gatson v. U.S., 17-3766, 2018 WL 446177 (6th Cir. Jan. 5, 2018); U.S. v. Solomon, 763 F. App'x 442, 444-45 (6th Cir. 2019); U.S. v. Johnson, 18-3002, 2019 WL 3540662, at *4 (6th Cir. Aug. 5, 2019) ("[T]he court in Gatson determined that Ohio's definition of 'physical harm' required the use of force 'capable of causing physical injury or pain to another'; domestic violence, therefore, qualified as a crime of violence."); Hernandez-Maldonado v. Barr, 18-3597, 2019 WL 2070457, at *6 (6th Cir. May 10, 2019) ("We hold that … Gatson remain[s] good law in this respect.").[1] In fact, a number of panels of the Sixth Circuit relied on Gatson's holding and similarly held that a conviction under O.R.C. § 2919.25(A) qualifies as a violent felony under the Armed Career Criminal Act or the Sentencing Guidelines. Williams, 655 F. App'x at 422; Solomon, 763 F. App'x at 444-45.[2]

In light of the fact that over the past four years, the Sixth Circuit has cited Gatson positively and even relied on Gatson's holding in two of its subsequent cases, the United States submits that Gatson's holding – that an Ohio domestic violence conviction under O.R.C.

---

[1] The only possible exception to this conclusion is Judge Moore's concurrence in Solomon, which is addressed in greater detail below.

[2] In the Sixth Circuit, the definition under the elements clause of violent felony under the Armed Career Criminal Act and under the Sentencing Guidelines are coexistent. U.S. v. Burris, 912 F.3d 386, 392 (6th Cir. 2019) (en banc) ("A 'crime of violence' is a felony that, as relevant here, 'has as an element the use, attempted use, or threatened use of physical force against the person of another.' … § 4B1.2(a)(1). This clause is commonly called the Guidelines 'elements clause.' … Because the text of the ACCA and Guidelines elements clauses are identical, we typically interpret both elements clauses 'the same way.'") (quotations and citations omitted).

§ 2919.25(A) qualifies as a violent felony under the Armed Career Criminal Act – is settled law in the Sixth Circuit.

### A. The cases to which Defendant has previously pointed do not provide him relief.

In his various Motions for Continuance, supra, Defendant directed the Court's attention to a number of 6th Circuit cases and suggested that the outcome of those cases may touch on Defendant's classification as an Armed Career Criminal. For the reasons stated below, the United States submits that those cases do not provide Defendant any relief.

1. Burris

Defendant's reliance on U.S. v. Burris, 912 F.3d 386 (6th Cir. 2019) (en banc), is misguided because Burris evaluates whether Ohio's felonious assault and aggravated assault statutes constitute crimes of violence under the Armed Career Criminal Act. In Burris, the en banc panel of the 6th Circuit held that "Ohio's felonious-assault and aggravated-assault statutes are … too broad to categorically qualify as violent-felony predicates under the ACCA and Guidelines elements clauses." 912 F.3d at 399. From afar, it may appear logical to then infer that if felonious assault and aggravated assault do not constitute violent felonies, then certainly domestic violence could not constitute a violent felony. This is not so, and a reading of Burris reveals as much. In Burris, the Sixth Circuit relied on the Ohio definition of felonious assault and aggravated assault, both of which point to the Ohio statutory definition of "serious physical harm to persons," codified at O.R.C. 2901.01(A)(5), and noted that under both statutes, one could be convicted for conduct which produced mental illness or harm in the victim. Id. at 393-98. The Burris court noted that such harm could be achieved without using physical force, without causing bodily injury, and without presenting a risk of serious physical injury. Id. at

4

397-98. The Burris court then evaluated Ohio caselaw applying the felonious assault and aggravated assault statutes. Id. at 398-400. Using the statutory definition of "violent felony" and specifically the elements clause," the Burris court held that, under the categorical approach, the felonious assault and aggravated assault statutes do not constitute violent felony predicates.

Burris is inapplicable to the matter before this Honorable Court. Defendant's predicate Ohio convictions are for domestic violence under O.R.C. § 2919.25(A), not for felonious assault or aggravated assault. Unfortunately for Defendant, that subsection of Ohio's domestic violence statute criminalizes knowingly causing or attempting to cause "physical harm" to a family member and Ohio's statutory definition of physical harm, codified at § 2901.01(A)(3), does not include mental illness or harm. Instead, the statutory definition of physical harm requires that there be an "injury, illness, or other physiological impairment, regardless of its gravity or duration." O.R.C. § 2901.01(A)(3). This is the exact statute that the Gatson court evaluated and held to be a crime of violence predicate under the ACCA, and the Burris court's decision that felonious assault and aggravated assault are not predicate crimes of violence under the elements clause of the ACCA is of no moment to this matter.

    2.    Williams

Defendant's reliance on Williams v. U.S., 882 F.3d 1169 (6th Cir. 2018) and its subsequent line of cases is similarly irrelevant to this matter. In Williams, the Sixth Circuit voted for an en banc rehearing of its prior decision in Williams v. United States, 875 F.3d 803 (6th Cir. 2017). 882 F.3d at 1169. After rehearing, the Sixth Circuit en banc panel issued an opinion, and held that because Burris held that an Ohio felonious assault conviction did not constitute a violent felony predicate conviction under the ACCA elements clause, Williams's classification as an Armed Career Criminal, predicated in part on Williams's conviction in Ohio

for attempted felonious assault, may potentially be attacked. Williams v. United States, 924 F.3d 922, 923 (6th Cir. 2019) (en banc). The Williams en banc panel remanded to the original Williams 6th Circuit panel for an evaluation consistent with the en banc panel's opinion. Id. On remand, the original Williams panel engaged in lengthy analysis regarding second or successive § 2255 petitions, and ultimately held that Williams' felonious assault conviction did not constitute a violent felony under the ACCA. Williams v. United States, 927 F.3d 427 (6th Cir. 2019).

Again, as with Burris, the United States submits that a close reading of the Williams decisions reveals that they are irrelevant to the instant matter and do not avail Defendant to any relief.

### 3. Solomon

Unlike Burris and Williams, supra, both of which addressed the Ohio felonious assault and aggravated assault statutes, Solomon at least confronted the same Ohio statute for which Defendant has predicate convictions – Ohio's domestic violence statute, O.R.C. § 2919.25(A). Solomon, 763 F. App'x at 444-46. Unfortunately for Defendant, however, in Solomon, the Sixth Circuit held that its prior decision in Gatson controlled, despite the defendant's urging otherwise, and that as a result, a conviction "under subsection (A) Ohio's domestic violence statute," O.R.C. § 2919.25(A), qualified as a crime of violence under the elements clause of the Sentencing Guideline. Id. The United States emphasizes that one of the very cases to which Defendant has pointed repeatedly, Solomon, stands for the proposition that Defendant's felony convictions in Ohio state court for domestic violence under O.R.C. § 2919.25(A) are clearly violent crimes under the ACCA.

6

Of course, Defendant pointed to Circuit Judge Moore's concurring opinion in Solomon, 763 F. App'x at 449, in which Circuit Judge Moore noted that perhaps Gatson was wrongly decided. (R. 45: Motion for Continuance, PageID 254). In response, the United States notes that the petition for rehearing en banc in Solomon was denied and that in denying the petition, the Sixth Circuit stated that "the original panel … reviewed the petition for rehearing and conclude[d] that the issues raised in the petition were fully considered upon the original submission and decision of the case." U.S. v. Solomon, 2019 U.S. App. Lexis 10483 (6th Cir. Apr. 19, 2019). The Sixth Circuit also noted that upon circulation of the petition for rehearing en banc to the full Sixth Circuit, "No judge … requested a vote on the suggestion for rehearing en banc." Id.

The Sixth Circuit later granted the defendant's motion to recall the mandate in Solomon, but its decision to do so was related to the defendant in Solomon's predicate controlled substance conviction, and not his predicate domestic violence conviction. U.S. v. Solomon, 2019 U.S. App. Lexis 19861 (6th Cir. July 2, 2019) ("Like Solomon, the defendant in Havis challenged the sentencing enhancement he received under USSG § 4B1.2(b)," referring to the USSG definition of "controlled substance offense," not "crime of violence.").

As a result, Solomon must be read to emphasize the Sixth Circuit's clear and undisputed holdings that an Ohio domestic violence conviction under § O.R.C. 2919.25(A) constitute a predicate violent felony under the ACCA, and neither the concurrence of Circuit Judge Moore nor the subsequent history of the Sixth Circuit's Solomon decision does anything to disrupt such a conclusion.

### III. Conclusion

In Burris, Circuit Judge Batchelder noted that "[t]his area of federal sentencing law is complicated" and that "[m]embers of the Supreme Court have described aspects of it as a 'time-consuming legal tangle." 912 F.3d at 391 (citation omitted).  The United States acknowledges that (a) the categorical approach, (b) its implications for sentences imposed, and (c) the complicated nature of the caselaw all combine to invite litigation.  And yet, the United States submits that, in this brief, it has outlined one fairly clear area of law in this area of federal sentencing law – namely that, in the Sixth Circuit, a conviction in Ohio state court under O.R.C. § 2919.25(A) qualifies as a violent felony for purposes of the ACCA.  That such a holding is clear in the midst of such constant and thorough litigation surrounding the ACCA and what qualifies as a predicate conviction speaks volumes.

In light of the foregoing, the United States submits that Defendant's convictions for felony domestic violence in Ohio under O.R.C. § 2919.25(A) are predicate violent felonies under the ACCA.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:   /s/ Damoun Delaviz
Damoun Delaviz (PA: 309631)
Assistant United States Attorney
Federal Building
2 South Main Street, Room 208
Akron, OH 44308
(330) 761-0530
(330) 375-5492 (facsimile)
Damoun.Delaviz@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 13th day of August 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                                      /s/ Damoun Delaviz
                                                      Damoun Delaviz
                                                      Assistant U.S. Attorney