# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:17CR406 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DELAMON MARSHALL, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Delamon Marshall's Motion for Reconsideration of Detention Order and for Temporary Release (Doc. 62) and his Motion for Appointment of Expert (Doc. 63). For the following reasons, both of Defendant's Motions are **DENIED**.

## I. BACKGROUND

On October 12, 2017, a Grand Jury indicted Defendant with two counts of Felon in Possession of Firearm, violations of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); and two counts of Possession of a Firearm with Obliterated Serial Number, violations of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). (Doc. 10). On October 16, 2018, the Court accepted Defendant's plea of guilty to the Indictment. (Doc. 34). Defendant's Sentencing Hearing has been continued multiple times and has yet to be reset.

On May 7, 2020, Defendant filed the current Motions asking for release pending Sentencing and request for the Court to appoint an expert. (Docs. 62 & 63). The Government responded on May 15, 2020 opposing both Motions. (Docs. 64 & 65).

## II. LAW & ANALYSIS

Generally, a district court shall detain a defendant pending sentencing if he is found guilty of an offense for which the maximum sentence is life imprisonment.  18 U.S.C. § 3143(a)(2); *see also* 18 U.S.C. § 3142(f)(1)(B).  An exception to this general rule exists if a judge finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community and (i) the judge finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) the attorney for the government recommends that no sentence of imprisonment be imposed on the person.  *Id.* at § 3143(a)(2)(A)–(B).  Accordingly, § 3143(a) "presumes dangerousness and the criminal defendant must overcome this presumption."  *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

However, "[a] person subject to detention pursuant to section 3142(a)(2) … may be ordered released … if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  18 U.S.C. § 3145(c).  A district court may make a finding of exceptional circumstances.  *United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010).  But before undergoing an exceptional circumstance analysis, clear and convincing evidence must support a finding that the defendant is not likely to flee or pose a danger if released.  *United States v. Christman*, 712 F. Supp. 2d 651, 657 (E.D. Ky. 2010).

Here, Defendant has not overcome the presumption of dangerousness mandated by § 3143(a).  Defendant pleaded guilty to the Indictment.  Because of Defendant's prior violent felony convictions, Defendant faces a maximum term of life imprisonment.  18 U.S.C. § 924(e)(1).  The Court must detain Defendant unless an exception applies.  For the following reasons, Defendant cannot show any applicable exception.

As an initial matter, § 3143(a)(2)(i)-(ii) requires the Court to dismiss Defendant's Motion for Release. Since he pleaded guilty, it is unlikely a motion for acquittal or motion for new trial is forthcoming. Moreover, the Government has not recommended that no sentence of imprisonment be imposed. Since Defendant cannot satisfy these necessary preconditions, Defendant's Motion fails.

More importantly, Defendant has not shown by clear and convincing evidence that he is not a danger to the community or a flight risk should the Court release him. Rather, Defendant claims he can reside with family under electronic monitoring to protect the public. (Doc. 63, PageID: 390-91). Beyond that, Defendant does not address his danger to the public. And a brief review of this case and Defendant's history suggests he remains a danger to the public. Defendant here admitted to possessing two separate firearms knowing he was a restricted person. Both firearms had obliterated serial numbers. One of the firearms was reported stolen. Finally, one of those firearms was involved in the death of another individual.[1]

On top of these facts, Defendant has a lengthy criminal history involving violence and narcotics. He has a history of avoiding authorities and has escaped from custody in the past. Therefore, the Court will not release Defendant pending Sentencing because he remains a threat to public safety and a flight risk.

Rather than focusing on his danger to the community or likelihood of flight, Defendant asks the Court to order release because Defendant's "pre-existing illnesses combined with the critical deficiencies in the ability of prison officials to control the spread of COVID-19 place [Defendant] at great risk." (Doc. 62, PageID: 390). While the Court agrees that COVID-19 is

---

[1] The Court makes no finding at this time of whether Defendant used the firearm in connection with another felony offense or in self-defense. What is clear at this point is that 1) Defendant possessed a firearm and 2) another individual died as a result of shots fired from that firearm.

"exceptional" in the normal sense of the word, it does not justify releasing Defendant pending his Sentencing.  Defendant does not allege he contracted COVID-19.  And while he alleges he has prior medical conditions including asthma, obesity and high cholesterol, he never mentioned these conditions to Pretrial Services.

Moreover, Defendant's Motion speculates that he will contract the virus.  But 'exceptional reasons' cannot be based on probability, conjecture, intuition or speculation. *Christman*, 712 F. Supp. 2d at 644.  Rather, the exceptional reasons must be "clearly shown" to render detention inappropriate.  *Id.*  Defendant does not allege he has been exposed to the virus.  Moreover, the facility is taking precautions to limit the spread of COVID-19.[2]  (Doc. 64, PageID: 440-43).

Finally, Defendant's request for an expert is without merit.  The Court is aware of and has read the affidavits of Drs. Ramnath and Venters.  Those affidavits do not change the Court's analysis.  The Court understands that prison facilities are less than ideal to contain the spread of COVID-19.  But the solution is not a mass-release of inmates, especially those like Defendant who remain a threat to the public.  As discussed above, Defendant does not address his danger to the public.  And it is unlikely that any proposed expert will be able to opine on that topic.  Therefore, this is not an "exceptional case" where expert opinion is necessary for the Court's decision.

The Court recognizes Defendant's concerns due to COVID-19.  But Defendant has not satisfied either prong of § 3143(a)(2)(i)-(ii); has not clearly convinced the Court that he no longer is a flight risk or danger to the community; has failed to clearly show with certainty the

---

[2] As of May 19, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19.  (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2005-19-2020.pdf) (last accessed May 20, 2020).  The facility further reports that the institution is in lockdown, likely due to the positive test of some of the facility's staff.

- 5 -

current impact of COVID-19 on him personally; and is not entitled to an expert to opine on his conditions and the conditions of the detention facility.  Therefore, Defendant's Motions fail.

### III. CONCLUSION

Accordingly, Defendant's Motions (Doc. 62 & 63) are **DENIED**.

**IT IS SO ORDERED.**

                            s/ Christopher A. Boyko
                            **CHRISTOPHER A. BOYKO**
                            **Senior United States District Judge**

**Dated: May 21, 2020**